IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GONZALES HARGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14cv636-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

The plaintiff applied for supplemental security income benefits under Title XVI of the

Social Security Act, 42 U.S.C. § 1381, *et seq*., alleging that he was unable to work because

of a disability.  His application was denied at the initial administrative level.  The plaintiff

then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a

subsequent request for review.  The ALJ's decision consequently became the final decision

of the Commissioner of Social Security (Commissioner).[2]  *See Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3).  The parties have consented to the United States Magistrate Judge

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No.
103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social
Security matters were transferred to the Commissioner of Social Security.

conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)      Is the person presently unemployed?
> (2)      Is the person's impairment severe?
> (3)      Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)      Is the person unable to perform his or her former occupation?
> (5)      Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction**.  The plaintiff was 45 years old at the time of the hearing before the ALJ.  (R. 37-38).  He has a marginal education.  (R. 24).  He has no relevant past work experience.  (*Id*.).  Following the hearing, the ALJ concluded that the plaintiff has severe

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

impairments of "HIV, major depression which is moderate to severe in intensity, anxiety disorder, personality disorder NOS and substance induced mood disorder." (R. 18). The ALJ concluded that the plaintiff had no past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, he also concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 24-25). Accordingly, the ALJ concluded that the plaintiff was not disabled. (R. 25).

**B. Plaintiff's Claim**. The plaintiff presents a single issue for the Court's review. As stated by the plaintiff, the issue is "whether Plaintiff submitted new and material evidence sufficient to support a remand. (Doc. # 11, Pl's Br. at 1 & 5).

### IV.  Discussion

Hargrove argues that this matter should be remanded to Commissioner for consideration of the new evidence presented to the Appeals Council.[5] *See* Doc. # 11,  Pl's Br. at 6.  New evidence presented to the Appeals Council, but not to the ALJ, may be considered by the court to determine whether remand is proper under 42 U.S.C. § 405(g). Section 405(g), in part, permits courts to remand a case to the Social Security Administration for consideration of new evidence under certain circumstances.

The plaintiff does not specify whether he is seeking a remand pursuant to sentence

---

[5] Hargrove does not contend that the Appeals Council failed to properly consider the evidence. Rather, he contends that "[t]he new medical evidence relating to Plaintiff's treatment for HIV is material in that there is a reasonable possibility that the evidence, if considered, could result in a different decision at the *administrative level of review*." (Doc. # 11 at 6) (emphasis added).

four or sentence six of 42 U.S.C. § 405(g).  A sentence four remand permits the court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Sentence six allows the court to remand for "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).

> Under the sixth sentence of § 405(g), the district court may remand the case "to the Commissioner for the taking of additional evidence upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Ingram*, 496 F.3d at 1261 (quotation omitted),   The evidence must be noncumulative. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).  A sentence six remand is "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed. 2d 563 (1990); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).  The district court is not authorized by sentence six "to  remand for reconsideration of evidence previously considered by the Appeals Council."  *Ingram*, 496 F.3d at 1269.

*Norton v. Comm'r of Soc. Sec.*, — Fed. App'x —, —, 2015 WL 1600426 * 4 (11th Cir. 2015).

Although the plaintiff seeks to have the case remanded for consideration of new evidence and relies on language used in conjunction with a sentence six remand, the court must consider whether remand is appropriate under sentence four because the Appeals Council considered the very evidence the plaintiff contends warrants remand.  "The settled

law of this Circuit is that a court may review, under sentence four of section 406(g), a denial of review by the Appeals Council." *Ingram v. Comm'r of Soc. Sec. Adm.*, 496 F.3d 1253, 1262 (11th Cir. 2007). The court must review the entire administrative record, including any new evidence submitted to the Appeals Council, to determine whether the Commissioner's decision is supported by substantial evidence. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1069 (11th Cir. 1994) ("[N]ew evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review.").

The plaintiff contends that his HIV positive status "causes limitation to his ability to work," and was not fully considered. (Doc. # 11 at 6). The ALJ considered the effect of Hargrove's HIV positive status on his ability to work.

> In addition to the claimant's psychiatric treatment, he also receives medical care from Dr. Dill who monitors and treats his HIV (Exhibit B3F page 2). Dr. Dill prescribes the claimant several medications such as Norvir, Reyataz, Paroxetine and Truvade (ExhibitB3F, page 2). Although the claimant's HIV requires routine treatment and medication, there is a paucity of evidence of this in the record and there is no evidence that this impairment causes any functional limitations that would preclude him from work at the exertional level identified about.

(R. 22).

The ALJ also noted that the plaintiff's medications are consistent with treatment of HIV. (R. 23).

With his request for review, Hargrove presented to the Appeals Council medical

6

records from his primary physician, Dr. Dill, who treats his HIV.[6] (R. 353-372). The

Appeals Council considered the evidence and concluded that the new evidence

> does not provide a basis for changing the Administrative Law Judge's
> decision. . . The Administrative Law Judge decided your case through October
> 30, 2012. This new information is about a later time. Therefore, it does not
> affect the decision about whether you were disabled beginning on or before
> October 30, 2012.

(R. 2).

The decision of the Appeals Council is supported by substantial evidence. Dr. Dill's

treatment records span from January 17, 2012 to December 19, 2012. (R. 352-71). At the

administrative hearing, Hargrove testified that his HIV positive status causes him to be

fatigued and short of breath. (R.42-43). He also testified that he suffers from stomach pain

and diarrhea. (*Id.*) However, Dr. Dill's treatment records do not confirm his complaints.

For example, Hargrove presented to Dr. Dill on February 21, 2012. (R. 366-70). At that

time, he complained about a chest cold. (R. 366). He reported that he was "not feeling tired

or poorly." (*Id.*) He reported no nausea, vomiting or diarrhea. (*Id.*)

On May 29, 2012, Hargrove followed up with Dr. Dill. (R. 361-64). He was in "no

acute distress." (R. 362). An examination revealed no abdominal abnormalities or

tenderness. (R. 363). His lab results were "much improved." (*Id.*). His lab results on June

---

[6] The plaintiff also submitted to the Appeals Council additional information regarding his mental
health treatment. He presents no argument and makes no challenge to how his mental impairments were
considered. The onus is upon the parties to formulate arguments, and any claim not raised is deemed
abandoned. *See generally Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995); *Road
Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).
Consequently, the court only considers how Hargrove's HIV positive status impairment was evaluated.

25, 2012 also revealed improvement.  (R. 358).  On July 24, 2012, Hargrove presented for "management of HIV.  He is doing well with his HIV medications and trying to stay adherent."  (R. 355).

While the records demonstrate that Dr. Dill is treating and monitoring Hargrove's HIV positive status, there is no indication in the records that his condition compromises his ability to work.  The Appeals Council examined and evaluated the medical records for evidence regarding the severity of Hargrove's HIV positive status.  While it is clear that Hargrove is HIV positive, the record contains no evidence that this condition has any impact on his ability to work.

Moreover, other evidence in the records suggests that while Hargrove is HIV positive, he is asymptomatic.  On November 26, 2010, Hargrove presented to Jackson Hospital emergency room complaining of pain in his left hand from punching a wall. (R. 306).  At that time, Hargrove was "HIV positive but asymptomatic."  (R. 307).  On February 6, 2001, Hargrove presented to Jackson Hospital emergency room complaining of swelling in his left hand.  (R. 299).  He had a closed fracture of his finger.  (R. 301).  On February 28, 2011, Hargrove presented to Jackson Hospital emergency room complaining of a cough, chills and body aches. (R. 288).  Again, Hargrove was "HIV positive but asymptomatic." (R.289, 297).

The mere fact that Hargrove is HIV positive is insufficient to demonstrate that this condition is disabling.  "[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely

medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The Appeals Council and the ALJ properly considered the effect of Hargrove's HIV positive status on his ability to work, and the conclusion that Hargrove is not disabled is supported by substantial evidence.

"Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram,* 496 F.3d at 1269 (citing *Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001)). *See also Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988). This the plaintiff has failed to do. Based upon its review of the administrative decisions and the objective medical evidence of record, the court concludes that substantial evidence supports its decision of the Appeals Council to decline to remand to the ALJ for further consideration.

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court reviews the record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

## V.  Conclusion

The court has carefully and independently reviewed the record and concludes that a

remand is not warranted and that substantial evidence supports the conclusion that plaintiff is not disabled.  Thus, the court concludes that the decision of the Commissioner is due to be affirmed.

A separate order will be entered.

Done this 21st day of  July, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

10